## No. 6390.

### D. & J. D. EDWARDS vs. FAIRBANKS AND GILMAN. JOHN COLEMAN vs. THE SAME. C. CAVAROC & SON, AND THE NEW ORLEANS MUTUAL INSURANCE COMPANY, INTERVENORS AND THIRD OPPONENTS.

The assignees of a bankrupt cannot remove a cause into the United States court, to be cumulated with the proceedings in bankruptcy, in which the assignees came volun-

tarily into the State court as plaintiffs to assert their rights and have them deter-
mined contradictorily with other claimants of a fund in the custody of the State
court for distribution.

The answers of garnishees are conclusive until they are disproved, and they cannot be
attacked otherwise than by formal traverse, and a direct issue with the garnishees.

A lessor has not a lien or privilege upon a debt due to the lessee by a third person, not
a sub-lessee, and can only acquire such right by seizing the debt, as any other
creditor could do.

*Clark, Bayne & Renshaw* and *Grima* for Plaintiff in Rule.     *Hornor*
& *Benedict, J. S. Whitaker, Coleman, Singleton & Broune, Buck &
Dinkelspiel,* and *New* for Defendants in Rule, Appellants.

The history of the litigation, and the disposition made of it anterior
to the present proceedings, may be found in Edwards *v.* Fairbanks,
27 La. Ann. 449, and Coleman *v.* Fairbanks, 28 La. Ann. 93. Cavaroc
& Son were adjudicated bankrupts in December, 1875, and their
assignees took this rule on the several parties to the two suits above
named to show cause why the proceeds of the property therein
decreed to belong to C. & Son should not be paid over to their
assignees, and then moved to transfer the cause to the United States
court to be cumulated with the proceedings in bankruptcy.

MARR, J., held the cause not removable and cited Watson *v.* Bon-
durant, 30 La. Ann. 1, and proceeded : —

In all this litigation our predecessors have maintained, and we think
correctly, that the relation between Cavaroc & Son and Fairbanks &
Gilman was that of debtor and creditor, under a contract which fixed
their respective rights.

It is not possible to consider Cavaroc & Son in any sense as sub-
lessees, because they were not to pay rent or storage. The sugar
and molasses were not liable for the rent, as our predecessors decided
in Coleman's Case, and as we now decide with respect to the claim of
the association. We do not see how, where the property itself is not
liable, where the owner of that property is not liable to the lessor for
his rent, there can be any right or claim of the lessor on the proceeds
of the sale of that property ; and we know of no principle upon which
it can be maintained that the lessor has any lien or privilege upon the
debt due to the lessee by a third person, not a sub-lessee, except
where the lessor had acquired such right by seizing the debt in the

hands of the debtor by garnishment under attachment of *fieri facias*, just as any creditor might do.

The association made no such seizure; and if it were proven that Cavaroc & Son owed Fairbanks & Gilman, and that the debt was secured by lien and privilege, the association would have no greater right or interest in that debt, or in the property or proceeds by which it was secured, than any other creditor of Fairbanks & Gilman.

As to D. & J. D. Edwards, the answers of Cavaroc & Son, garnishees, are conclusive, until they are disproved; and they cannot be attacked otherwise than by formal traverse, a direct rule and notice to the garnishees.

As to John Coleman, this court decided finally against him, that Cavaroc & Son were not liable to him, and that the proceeds in question were not liable for the rent due him by Fairbanks & Gilman.

(The rest of the opinion is occupied by an examination of the intricate accounts, and their explanation).

*Judgment affirmed.*